Filed 12/8/14  P. v. Haynes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NORMAN JACK HAYNES,<br><br>    Defendant and Appellant. | F067601<br><br>(Super. Ct. No. 1459675)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Marie S. Silveira, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Levy, Acting P.J., Kane, J. and Cornell, J.

## PROCEDURAL SUMMARY

Appellant Norman Jack Haynes was charged in a criminal complaint filed on May 30, 2013, with two counts of carrying a concealed dirk or dagger (Pen. Code, § 21310).[1] The complaint further alleged that appellant was ineligible for probation due to prior felony convictions (§ 1203, subd. (e)(4)), a prior serious felony conviction qualifying him for the three strikes law (§§ 667, subd. (d) & 1192.7, subd. (c)), and five prior prison term enhancements (§ 667.5, subd. (b)).

On June 5, 2013, appellant entered into a plea agreement. In exchange for admission of one count and a stipulated term of 16 months, the remaining allegations would be dismissed. The court advised appellant of the consequences of his plea and his constitutional rights pursuant to *Boykin*/*Tahl*.[2] Appellant stated that he understood and was waiving his rights. The parties stipulated to a factual basis for the plea.[3] Appellant pled no contest to count 1.

The trial court granted the prosecutor's motion to dismiss the remaining allegations in the interest of justice. The trial court sentenced appellant to prison for 16 months. The court imposed a restitution fine, granted 9 days of actual custody credits and an additional 8 days of conduct credits, for total custody credits of 17 days. The court denied appellant's request for a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

---

[1]     Unless otherwise designated, all statutory references are to the Penal Code.

[2]     *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

[3]     As a factual basis for the plea, the prosecutor stated that on or about May 28, 2013, appellant was contacted by officers from the Modesto Police Department outside a closed business at Seventh and B Street in Modesto. The officers told appellant they were going to conduct a pat-down search. Appellant told the officers that he willfully possessed a concealed dirk or dagger inside of his waistband. The officers found a knife with a five-inch blade concealed inside appellant's waist band.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on November 7, 2013, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.